## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| AERIAL HAYNES, Individually And On Behalf Of All Others Similarly Situated, | Civil Action Number: |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| vs. | |
| ATLANTA CHECK CASHERS, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Aerial Haynes ("Ms. Haynes"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Atlanta Check Cashers, Inc. ("Atlanta Check") and shows the Court as follows:

### INTRODUCTION

1.

Ms. Haynes brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et seq.), (hereinafter "the FLSA") to (1) recover due but

unpaid minimum wages; (2) an additional like amount as liquidated damages; and (3) to be reimbursed her costs of litigation, including her reasonable attorney's fees.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Atlanta Check is subject to the personal jurisdiction of this Court as a result of the location of Defendants' wrongful acts in the State of Georgia.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Atlanta Check does business in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Ms. Haynes resides in Jonesboro, Clayton County, Georgia.

6.

Atlanta Check is a corporation organized under the laws of the State of Georgia. It may be served with process by and through its registered agent Corporation Service Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## FACTUAL ALLEGATIONS

7.

Atlanta Check employed Ms. Haynes from September, 2011 through July 11, 2014.

8.

Atlanta Check employed Ms. Haynes as a Teller in and around Atlanta, Georgia from September 2011 through approximately April 2013.

9.

Atlanta Check employed Ms. Haynes as a Night Shift Manager in and around Atlanta, Georgia from May 2013 through July 11, 2014.

10.

Ms. Haynes regularly worked at three different locations while employed by Atlanta Check.

11.

Ms. Haynes regularly worked at Atlanta Check's Cleveland Avenue, Atlanta, Georgia, Highway 85 Riverdale, Georgia and Highway 138 Stockbridge, Georgia locations.

12.

Ms. Haynes brings this action on behalf of herself and all other similarly situated present and former employees of Defendant who consent to their representation in writing, pursuant to 29 U.S.C. § 216(b)

13.

This action is brought by a former employee of Defendant on behalf of all current and former employees who are or were employed by Defendant, who were paid by the hour, whose pay was subject to reduction as part of a common practice of reducing employees' pay to reimburse itself for its own business risks thus reducing the employees' regular rate below the minimum wage in violation of the FLSA, 29 U.S.C. § 201 et seq.

14.

Ms. Haynes and the class she represents were and/or are employees engaged in commerce as part of the interstate financial system as part of Defendant's multi-state business activities.

15.

At all times material hereto, Ms. Haynes and the class she represents were "employees" of Atlanta Check, as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

16.

From on or about September 2011 until July 11, 2014, Ms. Haynes and the class she represents were "engaged in commerce" as employees of Atlanta Check, as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

17.

At all times material hereto, Atlanta Check has been an "employer" of Ms. Haynes and the class she represents, as defined in FLSA § 3(d), 29 U.S.C. §203(d).

18.

From on or about September 2011 until July 11, 2014, Atlanta Check was an "enterprise engaged in commerce or in the production of goods for commerce," as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

19.

During 2011, Atlanta Check had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Atlanta Check had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Atlanta Check had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, Atlanta Check had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Atlanta Check had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Atlanta Check had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2013, Atlanta Check had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2014, Atlanta Check had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2011, Atlanta Check had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2012, Atlanta Check had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, Atlanta Check had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, Atlanta Check had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

At all times material hereto, Atlanta Check has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

32.

At all times material hereto, Ms. Haynes and the other members of the class she represents were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

33.

Ms. Haynes and the class she represents were each paid an hourly wage and did not receive a salary.

34.

Ms. Haynes and each member of the class she represents were not guaranteed at least $455.00 per week in wages.

35.

Ms. Haynes' work period, and that of each member of the class she represents consisted of a seven-day calendar week.

36.

The work period for Ms. Haynes and the class she represents began on Sunday and ended on Saturday.

37.

The work done by Ms. Haynes and the class she represents was an integral and essential part of Defendant's business.

38.

At all times relevant, Atlanta Check required Ms. Haynes and the other members of the class she represents to repay cash drawer shortages directly to Atlanta Check.

39.

At all times relevant, Atlanta Check required Ms. Haynes and the other members of the class she represents to repay checks which were cashed and returned for insufficient funds directly to Atlanta Check.

40.

At all times relevant, in addition to requiring Ms. Haynes and the other members of the class she represents to repay shortages and checks cashed with insufficient funds, Atlanta Check also charged Ms. Haynes and the other members

of the class she represents 15% interest per paycheck until the amounts were paid back in full.

41.

From approximately September 2011 through approximately June 2013, Ms. Haynes was required to sign an I.O.U. for each cash drawer shortage and fraudulent check cashed which Atlanta Check required her to repay.

42.

In approximately the Summer of 2013, Atlanta Check initiated a new procedure for repayment of cash drawer shortages and checks cashed with insufficient funds wherein it required Ms. Haynes to pay the amounts directly to her Manager.

43.

Pursuant to 29 C.F.R. § 531.35, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

44.

At all times material hereto, Atlanta Check unlawfully required Ms. Haynes and the other members of the class she represents to repay cash drawer shortages

and returned checks which regularly reduced their earnings below the statutory minimum wage.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

45.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

46.

At all times material hereto, Ms. Haynes and the class she represents have been employees covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

47.

From on or about September 2011 through July 11, 2014, Atlanta Check failed to compensate Ms. Haynes and others in the class she represents at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

48.

From on or about September 2011 through July 11, 2014, Atlanta Check willfully failed to compensate Ms. Haynes and others in the class she represents at

an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

49.

Ms. Haynes and the class she represents is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As a result of the underpayment of minimum wages as alleged above, Ms. Haynes and the class she represents is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of minimum wages, Atlanta Check is liable to Ms. Haynes and the class she represents for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, Ms. Haynes requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff and the class she represents were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(f) Award Plaintiff proper payment for each hour worked from September, 2011 through the date judgment is entered, calculated at the minimum wage rate of $7.25 per hour, and liquidated damages equaling 100% of the minimum wages due to Plaintiff, as required by the FLSA;

(g) Award each member of the class Plaintiff represents proper payment for each hour worked from three years preceding each class member's joining of this collective action, calculated at the minimum wage rate of $7.25 per hour, and liquidated damages equaling 100% of the minimum wages due to such class member, as required by the FLSA;

(h) Award Plaintiff and each member of the class she represents, prejudgment interest on all amounts owed;

(i) Award Plaintiff and each member of the class she represents, nominal damages;

(j) Award Plaintiff and each member of the class she represents, their reasonable attorney's fees and costs of litigation; and

(k) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 6th day of November 2014.

WHEREFORE, Plaintiffs respectfully prays:

|  |  |
|---|---|
|  | DELONG CALDWELL BRIDGERS |
| 3100 CENTENNIAL TOWER | & FITZPATRICK, LLC |
| 101 MARIETTA STREET |  |
| ATLANTA, GEORGIA 30303 | /S/CHARLES R. BRIDGERS |
| (404) 979-3171 | CHARLES R. BRIDGERS |
| (404) 979-3170 (f) | GA. BAR NO. 080791 |
| kevin.fitzpatrick@dcbflegal.com |  |
| charlesbridgers@dcbflegal.com | /S/ KEVIN D. FITZPATRICK, JR. |
| matthew.herrington@dcbflegal.com | KEVIN D. FITZPATRICK, JR. |
|  | GA. BAR NO. 262375 |
|  |  |
|  | /S/ MATTHEW W. HERRINGTON |

        MATTHEW W. HERRINGTON
        GA. BAR NO. 275411

        COUNSEL FOR PLAINTIFFS



        BILLIPS & BENJAMIN, LLP

        */s/MITCHELL D. BENJAMIN*
        MITCHELL D. BENJAMIN
One Tower Creek, Suite 190    GEORGIA BAR NO. 049888
3101 Towercreek Parkway
Atlanta, Georgia 30339
(770) 859-0751 Telephone
(770) 859-0752 Facsimile
benjamin@bandblawyers.com

        COUNSEL FOR PLAINTIFFS