## SETTLEMENT AGREEMENT AND GENERAL RELEASE

(1) Aerial Haynes and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), and (2) Atlanta Check Cashers, Inc. ("Defendant") agree to the following:

1. **Last Day of Employment.** Employee's last day of employment with Defendant was on or about July 18, 2014.

2. **Consideration.** In consideration for this Settlement Agreement and General Release and compliance with its terms:

   a. Subject to approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia in connection with the case captioned *Haynes v. Atlanta Check Cashers, Inc.*, Case No. 1:14-cv-03591-TWT (N.D. Ga.) (the "Action"), Defendant agrees to pay Employee a total of Two Thousand Six Hundred Eighty Dollars and Eighty Eight Cents ($2,680.88), to be apportioned and paid as follows:

   (i) One Thousand Three Hundred Forty Dollars and Forty Four Cents ($1,340.44) will be paid to Employee as back wages. Statutory withholdings and applicable taxes will be withheld from this amount. Defendant will issue an IRS Form W-2 to Employee for this wage portion of the payment. Defendant will deliver this payment to Employee's counsel within fourteen (14) business days of the date the Court approves the terms of this Settlement Agreement.

   (ii) One Thousand Three Hundred Forty Dollars and Forty Four Cents ($1,340.44) will be paid to Employee as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment. Defendant will deliver this payment to Employee's counsel within fourteen (14) business days of the date the Court approves the terms of this Settlement Agreement.

   b. Defendant will deliver the foregoing payments to Employee's counsel of record who, in turn, will ensure delivery to Employee.

   c. Employee agrees to take all action necessary to seek approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia. Employee also agrees to take all action necessary to have all claims in the Action withdrawn and dismissed with prejudice upon resolution of Employee's claim for recovery of attorneys' fees and costs.

3. **No Consideration Absent Execution of this Settlement Agreement.** Employee understands and agrees that she would not receive the monies and/or benefits

specified in section "2" above, except for Employee's execution of this Settlement Agreement and the fulfillment of the promises contained herein.

4. **Mutual General Release of All Claims**.

Employee knowingly and voluntarily releases and forever discharges Defendant, its privies, parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries (collectively referred to as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees as of the date of execution of this Settlement Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Fair Labor Standards Act;
- The Genetic Information Nondiscrimination Act of 2008;
- Georgia AIDS Confidentiality Act – O.C.G.A. §24-9-47;
- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A. §34-5-1 et seq.;
- Georgia Age Discrimination in Employment Act – O.C.G.A. § 34-1-2;

- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;

- Georgia Wage Payment and Work Hour Laws;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;

- any other federal, state or local law, rule, regulation, or ordinance; or

- any public policy, contract, tort, or common law.

It is expressly agreed that this Agreement and Release does not address or resolve any issues as to any of Employee's and/or Employee's counsel's claims for an award of attorneys' fees or reimbursement of costs pursuant to the Fair Labor Standards Act. The Parties acknowledge that Employee is the prevailing party for purposes of the FLSA fee shifting provision and that settlement of Employee's claim was contingent upon a further resolution of the attorneys' fees and costs issue (either by settlement or by a Court ruling on a Motion for Attorney's Fees and Costs). The Parties further agree that, if they are unable to reach settlement of any claim for attorneys' fees or costs, the Court will decide this issue upon a litigated Motion for Attorneys' Fees and Costs, to be filed by Employee's counsel. All issues as to any claims for attorneys' fees or costs shall be submitted to the Court for decision. All Parties reserve their respective rights on all such issues related to any claim for attorneys' fees or costs. This Agreement and Release is without prejudice to the rights of the Parties to separately negotiate and enter into, if they mutually so agree, a resolution of all issues as to any claims for an award of attorneys' fees and costs, subject to Court approval.

Employee is not waiving any rights she may have to: (a) her own vested accrued employee benefits under any health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Settlement Agreement; (d) enforce this Settlement Agreement; and/or (e) challenge the validity of this Settlement Agreement.

Nothing in this Settlement Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee identified in this Agreement is a party.

Defendant also agrees to release and forever discharge Employee from any and all claims which Defendant has or may have against Employee related to or arising from Employee's employment with Defendant as of the date of execution of this Settlement Agreement including, but not limited to, any promissory notes or other obligation to repay Defendant based on shortages incurred during Haynes' employment.

5. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party, related to or affiliated with any claim against Defendant, except the claims in the Action.

Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Defendant and will continue to maintain the confidentiality of such information consistent with Defendant's policies, Employee's agreement(s) with Defendant, and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Defendant or its officers, including any allegations of corporate fraud.

Employee shall not apply in the future for employment with Defendant because of, among other things, irreconcilable differences.

The Parties agree that they shall not disparage one another.

The Company shall provide a neutral reference for Ms. Haynes (consisting of name and dates of employment only), provided that Employee or any prospective employer must contact Suzanne Peterson at 678-407-4000 in order to obtain the neutral reference. The Company also agrees that it shall not disclose the existence of this suit or the terms of this settlement to any prospective employer.

6. **Limited Disclosure and Return of Property.**

Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Settlement Agreement, except to her spouse, tax advisor, an attorney with whom she chooses to consult regarding her consideration of this Settlement Agreement, and/or any federal, state, or local government agency. This shall not prohibit Employee from disclosing the information expressly set forth in this Settlement Agreement to the United States District Court for the Northern District of Georgia in connection with seeking approval of the terms of this Settlement Agreement and dismissal of the claims in the Action. This also shall not prevent or preclude Employee from providing testimony to any person or entity in connection with any claim asserted against Releasees pursuant to a lawfully issued subpoena or discovery/deposition notice. Provided, however, that Employee shall not provide information regarding the underlying facts leading up to or the existence or substance of this Settlement Agreement to any person or entity asserting a claim against Releasees absent a lawfully issued subpoena or discovery/deposition notice. Employee represents that she is unaware of any person currently asserting or considering whether to assert any such claim. The terms of this paragraph shall also apply to Employee's counsel.

Employee affirms that Employee has returned all of Defendant's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Defendant's premises and that Defendant is not in possession of any of Employee's property.

7. **Governing Law and Interpretation.** This Settlement Agreement shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and/or to seek any damages for breach. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

8. **Non-admission of Wrongdoing.** The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

9. **Amendment.** This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement.

10. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or

understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

11. **Counterparts; Signature.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS SETTLEMENT AGREEMENT AND CONFIRMS THAT SHE HAS, IN FACT, CONSULTED WITH HER ATTORNEY OF RECORD PRIOR TO SIGNING THIS AGREEMENT**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Settlement Agreement as of the date(s) set forth below:

**Aerial Haynes**

By: _[signature]_  Date: 5/7/15
Aerial Haynes

**Atlanta Check Cashers, Inc.**

By: _[signature] Susann Secretary Peterson_  Date: 05/12/2015
Director of Compliance and Human Resources.